UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-00076-LLK

**CINDY R. KELLOGG**                                                                                                **PLAINTIFF**

v.

**ANDREW SAUL, Acting Commissioner of Social Security**                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Docket Number ("DN") 18 and DN 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 14].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, this Opinion and Order will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ "erred in determining," [DN 18 at 3], that she can perform a limited range of sedentary work, [DN 13 at 17-18], because she is unable to work at any exertional level due to daytime drowsiness and excessive medical appointments.

The drowsiness aspect of the argument is unpersuasive for two reasons. First, no medical source opined that Plaintiff has vocationally-significant drowsiness (lasting at least 12 continuous months, notwithstanding proper use of prescribed medication). Second, the ALJ's findings regarding Plaintiff's drowsiness were supported by substantial evidence:

> … [Plaintiff] also alleged narcolepsy. In late 2015, Rebecca Shadowen, MD, found fatigue syndrome with fibromyalgia to be more likely than narcolepsy or sleep apnea. In February of 2017, [Plaintiff] attributed sleepiness to medication side effects. … [Plaintiff] reported her anxiety

1

>and sleep were reasonably well controlled on very low dose Klonopin. … In April of 2018, [Plaintiff] reported to Tarah Matthews, APRN [advanced practice registered nurse], that she does not take Klonopin as prescribed. She only takes as-needed.

[DN 13 at 15, 19].

The "medical appointments" aspect of the argument is unpersuasive for two reasons. First, the vocational expert testified that the maximum frequency of absenteeism tolerable to most employers is once a month regularly and twice a month occasionally, [DN 13 at 283], and no medical source opined that Plaintiff requires that degree of absenteeism. *See Beck v. Comm'r of Soc. Sec.*, No. 4:19-CV-02320-SL, 2020 WL 6585956, at *14 (N.D. Ohio May 4, 2020) (report adopted) ("But as the Commissioner argues … , no medical opinions or other medical evidence support Beck's claim regarding absenteeism. … Therefore, her argument is without merit."). Second, Plaintiff has not alleged or shown that medical appointments cannot be scheduled at times that do not conflict with work.

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that the ALJ "erred in failing to consider the combined effects of [her] impairments." [DN 18 at 5].

The ALJ was required to "consider the combined effect of all [Plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523(c). However, the ALJ's discussion of multiple impairments does not imply that the ALJ failed to consider the effect of impairments in combination. *Burton v. Comm'r*, 702 F. App'x 436, 437 (6th Cir. 2017). It is sufficient that (as in this case) "the ALJ's decision explicitly considered which jobs [Plaintiff] could be expected to perform in light of [her] … severe 'impairments' [plural]." *Id.*

**Order**

Because Plaintiff's two arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

May 7, 2021

Lanny King, Magistrate Judge
United States District Court